UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $188,570.45 SEIZED FROM EDUCATIONAL EMPLOYEES CREDIT UNION ACCOUNT NUMBER 11062916, HELD IN THE NAME OF DOUGLAS HALDERMAN, and<br><br>APPROXIMATELY $11,700.00 IN U.S. CURRENCY,<br><br>　　　　　　Defendants. | Case No.  1:25-cv-00039-EPG<br><br>ORDER REGARDING CLERK'S ISSUANCE OF WARRANT TO ARREST ARTICLES *IN REM* FOR DEFENDANT CURRENCY[1]<br><br>(ECF Nos. 1, 4) |

　　　　A Verified Complaint for Forfeiture *In* Rem was filed on January 8, 2025, in the United States District Court for the Eastern District of California, alleging that the Approximately $188,570.45 seized from Educational Employees Credit Union account number 11062916, held in the name of Douglas Halderman, and Approximately $11,700.00 in U.S. Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1). (ECF No. 1, pp. 6-7).

　　　　Pursuant to Rule C(3)(a)(i) and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Clams and Asset Forfeiture Actions, the Court will direct the Clerk of Court to issue

---

[1] The undersigned acts on this matter pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(3).

a warrant to arrest the Defendant Currency.[2]

Accordingly, IT IS ORDERED that the Clerk of Court for the United States District Court, Eastern District of California, shall issue a Warrant to Arrest of Articles In Rem for the Defendant Funds.[3]

IT IS SO ORDERED.

Dated:  **January 15, 2025**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule G(3)(b)(i) provides that, where the defendant is not real property, "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control." Rule G(1) indicates that where it is silent on an issue, Rules C and E of the Supplemental Rules, and the Federal Rules of Civil Procedure, also apply. Supplemental Rule C(3)(a)(i) provides, "The court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."

[3] Because the complaint indicates that the funds are in the Government's custody, the Court is directing the Clerk to issue a warrant to the arrest the property without including a probable cause finding under Rule G(3)(b)(ii), which states that "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control." *See* (ECF No. 1, p. 2); *compare* Rule G(3)(b)(ii) (providing that "the court--*on finding probable cause*--must issue a warrant to arrest the property *if it is not in the government's possession, custody, or control*") (emphasis added). However, if the Government believes that a probable cause finding is required for the issuance of a warrant, it may file a request for such a finding with applicable legal authority.