UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPROXIMATELY $188,570.45 SEIZED FROM EDUCATIONAL EMPLOYEES CREDIT UNION, et al.,<br><br>　　　　　Defendants. | Case No.   1:25-cv-00039-EPG<br><br>ORDER SETTING DEADLINE RE: DEFAULT JUDGMENT<br><br>(ECF No. 24) |

　　　　This is a civil forfeiture action. (ECF No. 1). Following the parties' consent, the previously assigned District Judge issued an order on July 14, 2025, reassigning the case to the undersigned for all further proceedings. (ECF No. 28).

　　　　Pending before the Court is the parties' stipulation for final judgment of forfeiture. (ECF No. 24). Generally, the stipulation between Plaintiff United States and the only claimant in the case, Regina Marie Halderman, agrees to a forfeiture of certain funds to Plaintiff and other funds being returned to Regina Marie Halderman. Within the stipulation is the following request: "Pursuant to Local Rule 540, the United States and claimant request that, as a part of the Final Judgment of Forfeiture in this case, the Court enter a default judgment against the interest, if any, of The Estate of Douglas Halderman without further notice." (*Id.* at 2). This refers to the fact that the Clerk entered a default against The Estate of Douglas Halderman on June 18, 2025.[1] (ECF No. 22).

---

[1] Given the entry of default, the Court will direct the Clerk of Court to terminate the request for Clerk's entry of default as no longer pending. (ECF No. 15).

1

However, the request for the Court to enter a default judgment is not accompanied by any motion. *See* Local Rule 540(d) ("Upon a showing that no one has appeared to claim the property and give security, and that due notice of the action and arrest of the property has been given, a party may move for judgment at any time after the time for answer has expired."); Fed. R. Civ. P. 7(b)(1) (noting that "[a] request for a court order must be made by motion"). Accordingly, the Court will set a deadline for Plaintiff to move for default judgment under Rule 55(b)(2). Additionally, the Court advises Plaintiff of the following basic requirements for a motion for default judgment.[2]

The motion must establish proper service and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). Here, the complaint identifies two claims for relief. Plaintiff must independently address each claim.[3]

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall terminate the request for Clerk's entry of default as no longer pending. (ECF No. 15).
2. Plaintiff has until August 15, 2025, to move for default judgment against The Estate of Douglas Halderman.
3. Plaintiff's motion for default judgment shall provide argument, including citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements. *See* Fed. R. Civ. P. 7(b)(1)(B).

---

[2] This order does not purport to advise Plaintiff of all applicable requirements.
[3] The complaint appears to assert that certain criminal offenses, including 18 U.S.C. § 922(l) render forfeiture applicable through 18 U.S.C. § 1961(1). (ECF No. 1, p. 7). However, the Court notes that § 922(l) is not a listed offense under 18 U.S.C. § 1961(1). Plaintiff should make sure to clearly identify the statutory basis for forfeiture for both claims for relief in its motion for default judgment.

IT IS SO ORDERED.

Dated:  **July 15, 2025**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

3